## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.:**

TIMOTHY GRAND,

    Plaintiff,

v.

PINNACLE FINANCIAL GROUP INCORPORATED, a Minnesota corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this District.

### PARTIES

7. Plaintiff, Timothy Grand, is a natural person.

8. The Plaintiff resides in the City of Colorado Springs, County of El Paso, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant, Pinnacle Financial Group Incorporated, is a Minnesota corporation operating from an address at 7825 Washington Avenue South, Suite 310, Edina, Minnesota, 55439.

11. The Defendant's registered agent in the state of Colorado is Irvin A. Borenstein, Esq., 3025 S. Parker Road, Suite 711, Aurora, Colorado, 80014.

12. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Defendant is licensed as a collection agency by the state of Colorado.

14. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15. The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

16. Sometime before June 2008 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

17. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Account went into default with the original creditor.

19. Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

20. The Plaintiff disputes the Account.

21. The Plaintiff requests that the Defendant cease all further communication on the Account.

22. In the year prior to the filing of the instant action the Plaintiff received telephone calls and voicemail messages from the Defendant and / or representatives, employees and / or agents of the Defendant who were attempting to collect the Account.

23. In the year prior to the filing of the instant action the Plaintiff called the Defendant in response to the telephone calls and voicemail messages.

24. The Defendant and / or representatives, employees and / or agents of the Defendant called the Plaintiff in 2009 while attempting to collect the Account.

25. The Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff in 2009 while attempting to collect the Account.

26. The telephone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

27. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant made telephone calls to the Plaintiff was to attempt to collect the Account.

28. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff was to attempt to collect the Account.

29. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant received telephone calls from the Plaintiff was to attempt to collect the Account.

30. During the communications the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account falsely threatened to take the Plaintiff to Court.

31. During the communications the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account falsely threatened to garnish the Plaintiff's wages.

32. The Defendant did not have the authority to take the Plaintiff to Court at the times that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff.

33. The Defendant did not intend to take the Plaintiff to Court at the times that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff.

34. The Defendant did not have the authority to garnish the Plaintiff's wages at the times that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff.

35. The Defendant did not intend to garnish the Plaintiff's wages at the times that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff.

36. The Defendant had not fulfilled all of the requirements necessary to garnish the Plaintiff's wages at the times that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff.

37. The Defendant has not filed any legal action(s) against the Plaintiff.

38. The Defendant has not received any judgment(s) against the Plaintiff.

39. The Defendant has not garnished the Plaintiff's wages.

40. The Defendant records all telephone calls made by its representatives, employees and / or agents while attempting to collect accounts.

41. The Defendant records all telephone calls received by its representatives, employees and / or agents while attempting to collect accounts.

42. The Defendant records all telephone calls made for collection purposes from its facilities.

43. The Defendant records all telephone calls received for collection purposes at its facilities.

44. The Defendant records all telephone calls made by its representatives, employees and / or agents while attempting to collect accounts in the state of Colorado.

45. The Defendant records all telephone calls received by its representatives, employees and / or agents while attempting to collect accounts from individuals calling from the state of Colorado.

46. The Defendant recorded all of the telephone calls with the Plaintiff on the Account.

47. The Defendant possesses copies of the recordings of all of the telephone calls with the Plaintiff on the Account as well as all the voicemail messages left for the Plaintiff by the Defendant and / or representatives, employees and / or agents of the Defendant on the Account.

48. The Defendant kept written and / or typed computer records of all contacts with the Plaintiff on the Account.

49. No legal action has been taken on the Account.

50. No judgment has been entered on the Account.

51. No wages have been garnished on the Account.

52. The Defendant did not file any lawsuit(s) in the state of Colorado in 2007.

53. The Defendant did not file any lawsuit(s) in the state of Colorado in 2008.

54. The Defendant has not filed any lawsuit(s) in the state of Colorado in 2009.

55. The Defendant did not receive any judgment(s) in the state of Colorado in 2007.

56. The Defendant did not receive any judgment(s) in the state of Colorado in 2008.

57. The Defendant has not received any judgment(s) in the state of Colorado in 2009.

58. The Defendant did not receive any writ of garnishment(s) in the state of Colorado in 2007.

59. The Defendant did not receive any writ of garnishment(s) in the state of Colorado in 2008.

60. The Defendant has not received any writ of garnishment(s) in the state of Colorado in 2009.

61. The statements and actions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

62. The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

63. The Defendant and its representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10) and e(11).

64. The Defendant and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

65. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

66. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful and intentional violations of the FDCPA.

67. As a consequence of the Defendant's collection activities and

communications, the Plaintiff has sustained actual damages including emotional distress.

## **RESPONDEAT SUPERIOR**

68. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant at all times mentioned herein.

69. The representatives and / or collectors at the Defendant were acting within the course of their employment at all times mentioned herein.

70. The representatives and / or collectors at the Defendant were acting within the scope of their employment at all times mentioned herein.

71. The representatives and / or collectors at the Defendant were under the direct supervision and control of the Defendant at all times mentioned herein.

72. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

73. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## **COUNT I, FDCPA VIOLATIONS**

74. The previous paragraphs are incorporated into this Count as if set forth in full.

75. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), § 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10), e(11) and § 1692f preface.

76. The Defendant's violations are multiple, willful and intentional.

77.     Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.     Actual damages under 15 U.S.C. § 1692k(a)(1).

2.     Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3.     Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.     Such other and further relief as the Court deems just and proper.

Respectfully submitted,

 s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff

9